UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALI MOHAMMADI, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:18-CV-1926-JAR<br>) |
| LENA EYERMANN, et al., | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

Plaintiff Ali Mohammadi seeks leave to proceed in forma pauperis in this civil action against defendants the Edward Jones Family YMCA (the "YMCA") and its Director of Membership Services, Lena Eyermann, under Title II of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000a, *et seq.*, for discrimination on the ground of national origin. Based on plaintiff's financial information, the motion is granted. For the following reasons, the Court will order plaintiff to file an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## Complaint

Plaintiff Ali Mohammadi alleges defendants engaged in discriminatory conduct in violation of the public accommodations provision of the Civil Rights Act of 1964. Plaintiff states:

> As a long time club member, I walked into the club on Sunday, November 4th of 2018 and stepped up front and spoke to an assistant manager name (Lena Eyermann). I've politely asked if your employees go through the drugs screening since one of their staff named Cecelia was heavily smelled like marijuana substance. As the results, Mrs. Lena Eyermann became upset and called me discriminatory names based on my national place of origin. Then she has started to make fun of my voice. She has insulted and humiliated me in front of the public. Therefore, I've requested to cancel my membership immediately. Then Mrs. Lena Eyermann responded with a humiliating tone "You have made the right decision. Don't worry you will be refunded in 7 days."

For relief, plaintiff seeks a "legal prosecution" of Mrs. Eyermann and the "maximum legal federal punishment upon her conviction." He states the amount in controversy is "more than $75,000," but is "to be announced."

## Discussion

Under Title II of the Civil Rights Act of 1964, "[a]ll persons shall be entitled to the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Additionally, to state a claim for relief, a civil rights complaint must contain enough facts to state a claim as a matter of law

-2-

and must not be merely conclusory. *See Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

Here, plaintiff's allegations that defendants violated Title II are merely conclusory. He alleges he was insulted and humiliated by the YMCA's Director of Membership, Lena Eyermann, when she called him discriminatory names based on his nation of origin and mocked his voice. Plaintiff has not alleged his nation of origin, nor has he alleged what Ms. Eyermann said that he concludes was discriminatory. Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Moreover, although plaintiff states that he requested to cancel his membership immediately, he has not stated that defendants denied him access or use of the facilities at the YMCA. In interpreting the statute, the United States Supreme Court has stated that "the overriding purpose of Title II [is] to [re]move the daily affront and humiliation involved in discriminatory *denials of access to facilities* ostensibly open to the general public." *Daniel v. Paul*, 395 U.S. 298, 307-08 (1969) (emphasis added) (internal quotations omitted).

To the extent that plaintiff is seeking the initiation of federal criminal charges against defendants, the request is denied. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must state exactly

what each defendant did or said, or did not do, which violated his rights. Failure to do so risks dismissal of one or all of the defendants. If plaintiff does not file an amended complaint within twenty-one days of the date of this Order, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that within twenty-one days of the date of this Order, plaintiff shall file an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file his amended complaint within twenty-one days of the date of this Order, this action will be dismissed without prejudice.

Dated this 8th day of April, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE